# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHANNON BROWN,**

              **Plaintiff,**

**v.**                                            **Case No:   6:13-cv-1982-Orl-31GJK**

**SAFECO INSURANCE COMPANY OF ILLINOIS,**

              **Defendant.**

---

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Remand (Doc. 15) and the Defendant's Memorandum in opposition thereto (Doc. 27).

Background.

Plaintiff, Shannon Brown, was injured in an automobile accident on December 5, 2012. At the time of the accident, Plaintiff was insured by Safeco under a policy that provided non-stacking UM coverage in the amount of $10,000 per person and $20,000 per accident.   Plaintiff made a demand upon Safeco for $20,000, contending that -- based on the case of *Travelers Commercial Ins. Co. v. Harrington*, 86 So.2d 1274 (Fla. 1st DCA 2012) -- she was entitled to stacked coverage.   Safeco denied that claim, but paid Plaintiff the $10,000 coverage limit.

On November 22, 2013, Plaintiff filed suit in state court, asserting two counts:   one for underinsured motorist benefits (the additional $10,000 of stacked coverage) and the other for insurer bad faith.   The case was timely removed to this Court based on diversity jurisdiction, 28

U.S.C. § 1332.   On March 3, 2014, the Court abated Count 2, the bad faith claim, as premature.[1]

(Doc. 25).

In her Motion to Remand, Plaintiff claims that Defendant has failed to meet its burden of showing that the amount in controversy meets the $75,000 jurisdictional threshold.   In response, Defendant relies on past and future medical expenses, lost wages, legal fees and non-economic damages, including a determination by Plaintiff's physician that she suffered a 17 percent whole person impairment.   Defendant's argument assumes that the value of the bad faith claim (Count 2) should be counted toward the jurisdictional amount.   However, it is well-settled Florida law that an insurance bad faith claim does not become ripe until the underlying case is resolved against the insurer.   For that reason, the Court abated Plaintiff's bad faith claim as premature, and a non-ripe bad faith claim has zero value with regard to the amount in controversy.   *See Jenkins v. Allstate*, 2008 WL 4934030 (M.D.Fla. Nov. 12, 2008) (holding that insurance bad faith claim cannot be removed until it becomes ripe).

Thus, for purposes of determining the amount in controversy, the Court may only consider the value of Count 1.   The amount at issue in that claim is, at most, $10,000 plus attorney's fees.[2] Although Defendant filed an affidavit (Doc. 27-4) suggesting that Plaintiff's attorney would spend 200 hours or more litigating Count 1, the Court rejects that suggestion.   In order to reach the

---

[1] Under Florida law, an insured's underlying first-party claim for insurance benefits against the insurer must be resolved favorably to the insured before the cause of action for insurer bad faith can accrue.   *See Hartford Ins. Co. v. Mainstream Const. Group, Inc.*, 864 So. 2d 1270, 1272-73 (Fla. 5th DCA 2004) (citing cases).

[2] It is not clear that attorney's fees should be considered in determining whether the amount in controversy has been met.   Plaintiff did not plead attorney's fees in regard to Count 1, and the amount in controversy is normally determined at the moment of removal.   However, the Plaintiff has filed a motion for leave to add an attorney's fee claim to Count I (Doc. 28).   Without deciding the issue, for purposes of resolving the instant motion, the Court will take attorneys' fees into account.

jurisdictional threshold of $75,000, Plaintiff would have to incur $65,000 in attorney's fees in regard to resolution of a purely legal question worth $10,000.[3]   The Court concludes that it is highly improbable that such a fee would be reasonably incurred under these circumstances. Accordingly, it is

      **ORDERED** that Plaintiff's Motion is **GRANTED**.   This case is remanded to the Circuit Court of the 18th Judicial Circuit, in and for Seminole County, Florida.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on April 14, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] Two hundred hours at a fee of $350/hour would equal $70,000.